UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (BALTIMORE DIVISION)

| | | |
|---|---|---|
| JEREMY S. FRIEDBERG AND ANDREW L. COLE, SUBSTITUTE TRUSTEES, | * | |
| PLAINTIFFS, | * | |
| V. | * | CIVIL ACTION NO. L-02-CV2092 |
| DAMON Z. BELLAMY-BEY, *et al.*, | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PRELIMINARY INJUNCTION 1) ENJOINING DEFENDANTS FROM TRANSFERRING OR REMOVING ASSETS FROM 1817 LAURENS STREET, BALTIMORE, MARYLAND, 2) COMPELLING DEFENDANTS TO DELIVER ALL PROPERTY AND ASSETS TRANSFERRED OR REMOVED FROM 1817 LAURENS STREET, BALTIMORE, MARYLAND, TO THE SUBSTITUTE TRUSTEES' AUTHORIZED AGENT**

Upon consideration of the *Motion for Preliminary Injunction*, and upon the evidence and arguments presented at a temporary restraining order hearing conducted on November 1, 2002 at 2:00 p.m., this Court hereby:

FINDS, from a review of the record of this case and evidence presented by the substitute trustees herein, that Business Lenders L.L.C. holds a perfected, first priority security interest in the real and personal property located at 1817 Laurens Street, Baltimore, Maryland 21217 (the "Property"); and further

FINDS, from a review of the record of this case and evidence presented by the substitute trustees herein, that the substitute trustees were authorized by the documents evidencing obligations owed by Peachtree II Car Wash, Inc. to Business Lenders L.L.C. to foreclose upon and sell the Property upon that company's default. Peachtree II Car Wash, Inc. and defendant Damon Z. Bellamy-Bey are judgment debtors in this case

pursuant to a confessed judgment that became final on August 31, 2002; and further

FINDS that the substitute trustees conducted a foreclosure sale of the Property at 101 W. Lombard Street, Baltimore, Maryland 21201 at 11:05 a.m. EST on October 31, 2002, at which sale Business Lenders L.L.C. purchased the Property, and that equitable title to the Property passed to Business Lenders L.L.C. at that time; and further

FINDS from a review of the record of this case and evidence presented by the substitute trustees herein, that Defendants, their officers, agents, servants, employees and persons in active concert or participation with them have removed, secreted, transferred, alienated, pledged or otherwise impaired the Property and assets of Business Lenders L.L.C., and/or assets in which Business Lenders L.L.C. holds a perfected, first priority security interest; and further

FINDS that this Court's assistance is required to enforce and protect the rights of the substitute trustees and Business Lenders L.L.C. to the Property and related assets; and further

FINDS that the substitute trustees and Business Lenders L.L.C. will suffer immediate and irreparable harm if a preliminary injunction does not issue, and that such impairment would include that the Defendants may dissipate the Property and assets owned by and/or subject to the perfected, first priority security interest of Business Lenders L.L.C., thereby permanently depriving Business Lenders L.L.C. of its property and preventing the substitute trustees from discharging their obligations.

Accordingly, the relief requested appearing appropriate under the circumstances and sufficient cause having been shown to support the issuance of a preliminary injunction, it is hereby:

ORDERED that the Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained from removing, transferring, alienating, pledging or otherwise impairing the Property and any assets in which Business Lenders, L.L.C. has any direct or indirect interest, whether as secured party, judgment creditor or equitable owner through foreclosure; and it is further,

ORDERED that the Defendants shall immediately return all Property (described above) to the authorized agent for Business Lenders, L.L.C., Charles V. Lewis and Metro Recovery, Ltd. The Defendants shall immediately contact the substitute trustees to arrange for delivery of the Property, at the Defendants expense, which delivery shall occur at a location determined by the substitute trustees; and it is further

ORDERED that the United States Marshal shall assist in the enforcement of this Order, the Writ of Execution and the Order for Sale of the Property by seizing and delivering to the substitute trustees and Business Lenders L.L.C. or their authorized agent, the Property, complete with all appurtenances, parts, additions, substitutions, attachments, replacements, and accessions thereof, wherever found, ~~plus the proceeds thereof, and that the United States Marshal shall make a return within ten (10) days from the date hereof.~~ *BEL*

ORDERED that Business Lenders, LLC shall provide a copy of this Order to each Defendant by sending copies to those parties at the following addresses:

Damon Z. Bellamy-Bey
3824 Evergreen Avenue
Baltimore, Maryland 21206
and

Z'Lacod, Inc.
T/A Peachtree II Car Wash
c/o Damon Z. Bellamy-Bey
1817 Laurens Street
Baltimore, Maryland 21217

and on its resident agent:

    Damon Z. Bellamy-Bey
    3824 Evergreen Avenue
    Baltimore, Maryland 21206

*via* first class mail, postage prepaid, within five (5) business days from the date of entry

of this Order;

Dated: *November 20, 2002* at *4:30* o'clock p.m.

                                          /s/ Benson E. Legg
                                          JUDGE, UNITED STATES DISTRICT COURT

cc:

Jeremy S. Friedberg, Esquire
Andrew L. Cole, Esquire
Leitess, Leitess & Friedberg, P.C.
25 Hooks Lane, Suite 302
Baltimore, MD 21208

Damon Z. Bellamy-Bey
3824 Evergreen Avenue
Baltimore, Maryland 21206

and

Z'Lacod, Inc.
T/A Peachtree II Car Wash
c/o Damon Z. Bellamy-Bey
1817 Laurens Street
Baltimore, Maryland 21217

and on its resident agent:

    Damon Z. Bellamy-Bey
    3824 Evergreen Avenue
    Baltimore, Maryland 21206