UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | | |
|---|---|---|
| BUSINESS LENDERS, LLC | * | |
| PLAINTIFF, | * | |
| v. | * | CIVIL ACTION NO.   L-02-CV2092 |
| DAMON Z. BELLAMY-BEY, *et al.* | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE TO EXCEPTION TO FORECLOSURE SALE AND
REQUEST FOR HEARING FILED BY DAMON BELLAMY-BEY©**

Plaintiff, Business Lenders, LLC ("Business Lenders"), by its undersigned attorneys, hereby responds to *Exception to Foreclosure Sale and Request for Hearing* (the "Exceptions") filed in this action by Damon Bellamy-Bey © ("Bellamy-Bey"), and in support thereof, states as follows:

1.  On or about July 18, 2002, Business Lenders commenced foreclosure proceedings against real property known as 1817 Laurens Street, Baltimore, Maryland (the "Property") by filing an Order to Docket Foreclosure in this Court.

2.  Business Lenders held a foreclosure sale (the "Foreclosure Sale") of the Property on October 31, 2002.

3.  Defendant Bellamy-Bey filed the Exceptions on December 2, 2002.

4.  The Exceptions contain 33 paragraphs, each setting forth a discrete contention. Business Lenders responds to each contention, grouping them by theme.

**HAINES V. KERNER, CITED BY DEFENDANT FOR THE PROPOSITION THAT ALLEGATIONS OF A PRO SE PARTY ARE HELD TO A LESS STRINGENT STANDARD IS INAPPLICABLE TO THIS CASE**

5.  Defendant Bellamy-Bey, relying upon *Haines v. Kerner*, 404 U.S. 519 (1972) states that "Allegations of pro se party are held to less stringent standards than lawyers."

6. The Supreme Court, in *Haines*, supra at 520, stated:

> Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

7. *Haines* addresses dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim. In this case, the Court does not have occasion to examine Defendant Bellamy-Bey's pleadings under FED. R. CIV. P. 12(b)(6), therefore *Haines* is inapplicable.

**BUSINESS LENDERS NEED NOT SHOW "PROOF OF FUNDS USED TO MAKE PURCHASE"**

8. Defendant Bellamy-Bey contends, in Paragraph 1 of the Exceptions, that Business Lenders must show "proof of funds used to make purchase [at the foreclosure sale]," but fails to set forth any authority for that proposition.

9. Neither the Maryland Rules of Civil Procedure, nor the Federal Rules of Civil Procedure require any documentation, as part of a foreclosure proceeding, related to funds used to purchase real property for which a deed of trust is given, other than a Statement of Debt Remaining Due and Payable as was filed in this action.

10. Business Lenders was entitled to purchase the Property, and furthermore is entitled to credit against the purchase price in the amount of the debt secured.

11. "It is well established that either the lender or the mortgagor may buy-in at [a foreclosure sale]" ALEXANDER GORDON, IV, GORDON ON MARYLAND FORECLOSURES, THIRD ED. 919 (1994) (citing *Heighe v. Sale of Real Estate*, 164 Md. 259 (1933) and Md. Code, Real Property Art. § 7-105).

12. "[T]he lender is entitled, in effect, to a credit on the purchase price of the debt secured" Id. at 921 (citing *Moss v. Savings Institution*, 177 Md. 135 (1939).

**THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION
DOES NOT APPLY TO BUSINESS LENDERS**

13.     Defendant Bellamy-Bey contends, in Paragraph 2 of the Exceptions, that Business Lenders non-judicial foreclosure of the Property violates U.S. CONST. amend IV.

14.     Defendant Bellamy-Bey contends, in Paragraph 31 of the Exceptions, that Business Lenders' "seizure" of his promissory note violates the U.S. CONST. amend IV.

15.     U.S. CONST. amend IV is inapplicable to non-governmental or quasi governmental action. "A search or seizure by a private party does not implicate the Fourth Amendment unless the party is acting as an 'instrument or agent' of the government." *United States v. Crowley*, 285 F. 3d 553, 558 (7th Cir. 2002).

16.     Business Lenders, LLC is a private party and was not acting as an instrument or agent of the government in conducting the foreclosure sale, therefore, U.S. CONST. amend IV does not apply to it.

**DEFENDANTS WERE DELINQUENT ON THEIR MORTGAGE PAYMENTS WHEN
BUSINESS LENDERS ACCELERATED THE NOTE**

17.     Defendant Bellamy-Bey contends in Paragraph 3 of the Exceptions that he and Z'Lacod, Inc. were current on the mortgage payments when Business Lenders accelerated the Note, "because Defendants requested Business Lenders, LLC to complete the following forms: debt collector disclosure statement, affidavit of bank, notice of assurance of due performance, notice of alleged loan dispute, notice of holder in due course status, and notice and demand for full disclosure of loan."

18.     As set forth in the Declaration of Stacey O'Sullivan filed in this matter, Defendants were, and are, in default on mortgage payments.

19.     Business Lenders refusal to complete forms submitted by Defendants, including, *inter alia*, debt collector disclosure statement, affidavit of bank, notice of assurance of due

performance, notice of alleged loan dispute, notice of holder in due course status, notice and demand for full disclosure of loan, does not in any excuse Defendants' failure to make payments as required under the Note, nor does it render Defendants current on "mortgage payments."

**THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION DOES NOT APPLY TO BUSINESS LENDERS**

20.     Defendant Bellamy-Bey contends in Paragraph 4 of the Exceptions that Business Lenders use of a non-judicial foreclosure procedure violates his rights under U.S. CONST. amend. V because he did not receive notice of the initial action when it was filed, and furthermore that he was denied the opportunity to challenge the authenticity of the photocopied Note submitted by Business Lenders.

21.     Defendant Bellamy-Bey further contends in Paragraph 32 of the Exceptions that Business Lenders violated U.S. CONST. amend. V by depriving "Defendant of promissory note (property) without due process of law or just compensation"

22.     U.S. CONST. amend. V solely applies solely to the United States Government. See *Pub. Utils. Comm'n v. Pollak*, 343 U.S. 451, 461 (1952). See also *Bryant v. Jefferson Fed. Sav. and Loan Ass'n*, 509 F.2d 511, 513 (D.C. Cir. 1974).

23.     A private mortgagee foreclosing on real property does not invoke U.S. CONST. amend. V. See *Bryant*, id. at 515 (we cannot conclude that the statutes on their face violate the due process clause of the fifth amendment. In essence, the challenged statutes recognize the right of private individuals contractually to create power of sale clauses which operate as a waiver of certain potential pre-foreclosure rights.)

24.     Notwithstanding the foregoing, Maryland's rules on foreclosures do not require that the Order to Docket Foreclosure be served on anyone. MARYLAND RULE 14-206 affords notice to affected parties.

25. Business Lenders complied with MARYLAND RULE 14-206 in giving actual notice of the foreclosure sale to Defendant Bellamy-Bey.

26. The instant ratification proceedings provide Defendant Bellamy-Bey due process and opportunity to be heard on any objections he has to the foreclosure sale.

**DEFENDANT BELLAMY-BEY'S MOTION TO VACATE JUDGMENT IS IRRELEVANT WITH RESPECT TO THESE FORECLOSURE PROCEEDINGS**

27. Defendant Bellamy-Bey makes various assertions in Paragraphs 5, 6, 12, 15, 18 and 30 of the Exceptions, apparently related to the confession of judgment portion of this case and Defendant Bellamy-Bey's motion to vacate the confessed judgment.

28. The purpose of exceptions permitted under MARYLAND RULE 14-305(d) is solely to permit a party in interest to raise objections to a foreclosure sale. Defendant Bellamy-Bey's motion to vacate the confessed judgment entered in this case, and any issues related to confession of judgment, pertain to an independent action under this case heading and the issues raised do not bear on ratification of this foreclosure sale.

**BUSINESS LENDERS IS NOT REQUIRED TO BE REGISTERED OR LICENSED TO DO BUSINESS IN THE STATE OF MARYLAND**

29. Defendant Bellamy-Bey states in Paragraph 7 of the Exceptions that Business Lenders, LLC is not licensed or registered to do business in Maryland "as he misled [sic]," but fails to point to any statute or case making such an assertion relevant to these proceedings.

30. To the extent Defendant Bellamy-Bey argues that MD. CODE, CORP'S AND ASS'NS ART. § 7-301 (2002) bars Business Lenders suit, such an assertion is without merit.

31. The Maryland Court of Special Appeals held in *Aeropesca, Ltd. v. Butler Aviation Int'l, Inc.*, 44 Md. App. 610 (1980):

> The statutory provisions relating to foreign corporations "doing business" in Maryland, Md. Corp. and Ass'ns. Code Ann. §§ 7-202, 203, and 7-301, were never intended to bar foreign corporations from entering into an occasional contract with Maryland businesses and, when necessary, pursuing in Maryland

5

courts, rights under that contract or actions arising out of it. Were the law otherwise, commerce between Maryland based companies and those dehors the geographical confines of this State would cease abruptly. The deleterious effect of such a law is too obvious to require further comment.

*Id*. at 618-619.

32.    Defendant Bellamy-Bey does not allege that Business Lenders "does business" as contemplated by MD. CODE, CORP'S AND ASS'NS ART. § 7-301 (2002), and in fact, Business Lenders does not conduct business in the State of Maryland other than entering into an occasional contract with a Maryland business.

33.    Md. Code, Corp's and Ass'ns Art. § 7-104 (2002) specifically states that foreclosing property in Maryland pursuant to a deed of trust does not constitute doing business in the state.

**BUSINESS LENDERS DID NOT WAIVE ITS RIGHTS TO NON-JUDICIAL FORECLOSURE BY REFUSING TO COMPLY WITH DEFENDANT BELLAMY-BEY'S DEMANDS**

34.    Defendant Bellamy-Bey contends, in Paragraph 8 of the Exceptions, that Business Lenders expressly waived its rights to non-judicial foreclosure by failing to respond to Defendant Bellamy-Bey's requests that it complete documents entitled "debt collector disclosure statement, affidavit of bank, notice of assurance of due performance, notice of alleged loan dispute, notice of holder in due course status, notice and demand for full disclosure of loan."

35.    Defendant Bellamy-Bey fails to allege any specific facts demonstrating that Business Lenders affirmatively or expressly waived its right to exercise non-judicial foreclosure.

36.    Defendant Bellamy-Bey fails to point out any authority for his proposition that Business Lenders' failure to respond to his requests in any way waives Business Lenders' right to exercise non-judicial foreclosure.

37.    Nothing in the SBA Note, Deed of Trust, or applicable law requires Business Lenders to respond to Defendant Bellamy-Bey's requests that it complete the "debt collector

disclosure statement, affidavit of bank, notice of assurance of due performance, notice of alleged loan dispute, notice of holder in due course status, notice and demand for full disclosure of loan."

**THE INSTANT FORECLOSURE DOES NOT IMPAIR BUSINESS LENDERS' OR DEFENDANTS' RIGHTS, NOR IS THE COURT AIDING BUSINESS LENDERS IN BREACHING ANY AGREEMENT BETWEEN THE PARTIES**

38. Defendant Bellamy-Bey makes the bald assertion in Paragraph 9 of the Exceptions that the parties' "obligations of the promissory note and master agreement would be impaired by the application of this non-judicial foreclosure," and that the Court is aiding Business Lenders in breaching the "contract."

39. Defendant Bellamy-Bey again refers to a "master agreement" in Paragraph 25 of the Exceptions.

40. Business Lenders knows of no "master agreement" between the parties, other than a document signed by Defendant Bellamy-Bey and produced to Business Lenders after institution of these foreclosure proceedings.

41. Business Lenders is not breaching any contract between itself and any defendant in this action, therefore, this Court can in no way be aiding Business Lenders in breaching any such contract.

**BUSINESS LENDERS PROPERLY PAID ALL COURT FEES**

42. Defendant Bellamy-Bey contends, in Paragraph 10 of the Exceptions, that Business Lenders has not paid the court costs in monies acceptable by Article 1 Section 10 of the United States Constitution, however, he fails to indicate how Business Lenders' payment of court fees is in any way deficient.

43. Business Lenders contends that it properly paid all fees due thus far in this matter in currency acceptable to the Court.

**THE SBA NOTE IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT SIGNED BY DEFENDANT BELLAMY-BEY**

44. Defendant Bellamy-Bey "emphatically" contends, in Paragraph 13 of the Exceptions, that the SBA Note attached to Business Lenders' Order to Docket Foreclosure is "bogus" and that Business Lenders "has no proof to say other wise."

45. Defendant Bellamy-Bey further states, in Paragraph 16 of the Exceptions, that the writing on the SBA Note is his signature and states that he did not authorize the signature, and that he is not a party to the SBA Note.

46. Defendant Bellamy-Bey later contends, in Paragraph 26 of the Exceptions, that "without the original Note Plaintiff is attempting to collect an Alleged debt based on hearsay."

47. Business Lenders contends that the SBA Note is a true and correct copy of the original document signed by Defendant Bellamy-Bey.

48. If necessary, Business Lenders will put on testimony of Sang Kuen Park, the attorney who notarized Defendant Bellamy-Bey's signature on the Deed of Trust and who personally witnessed Defendant Bellamy-Bey's signing the SBA Note to establish the authenticity of the copies.

49. Despite Defendant Bellamy-Bey's assertion in Paragraph 14 of the Exceptions that he was present at signing of the SBA Note and that he recalls that the SBA Note in Question was not signed by him, he fails to produce a copy of the SBA Note he contends he signed.

50. Further despite Defendant Bellamy-Bey's contention that he did not sign the SBA Note, Paragraph 3 of the Exceptions contains an admission by Defendant Bellamy-Bey that mortgage payments were due and owing from him to Business Lenders.

**DEFENDANT BELLAMY-BEY CANNOT DENY HIS SIGNATURE ON THE TRANSACTION DOCUMENTS WHILE RETAINING THE BENEFITS OF THE TRANSACTION FOR HIMSELF**

51. Defendant Bellamy-Bey contends, in the beginning of Paragraph 20 of the Exceptions, that Business Lenders' contention that Defendant Bellamy-Bey is estopped from denying his signature on the transaction documents while at the same time knowingly retain the

8

benefits of the fraud, somehow constitutes an admission by Business Lenders that it committed fraud.

52.  On the contrary, Business Lenders statement to which Defendant Bellamy-Bey refers states that if Defendant Bellamy-Bey knows that a signature on the transaction documents is a forgery or was unauthorized, yet he retains the benefits of the transaction, he is estopped from asserting that the signature is not his.

53.  Defendant Bellamy-Bey admits in Paragraph 20 of the Exceptions that he "has and plans on continually retaining the benefits of the transaction."

54.  By retaining the benefits of the transaction, Defendant Bellamy-Bey has ratified the signature on the SBA Note and associated loan documents and is precluded from "denying an unauthorized signature if he knowingly retains the benefits of the fraud." *Williams v. Johnson*, 261 Md. 463, 468 (1970).

**BUSINESS LENDERS LENT MONEY TO DEFENDANT BELLAMY-BEY**

55.  Defendant Bellamy-Bey asserts in Paragraph 19 of his Exceptions that Business Lenders' refusal to respond to Defendant Bellamy-Bey's requests that it fill out various nonsense forms is somehow a "tacit admission that Plaintiff lent nothing to Defendant."

56.  Defendant Bellamy-Bey fails to cite any legal authority for his position, as there is none.

57.  If necessary, Business Lenders will set forth testimony and documentary evidence that the transaction between Business Lenders and the Defendants herein was funded.

**DEFENDANT BELLAMY-BEY FRAUDULENTLY CONTENDS THAT RATHER THAN BUSINESS LENDERS MAKING HIM A LOAN, HE LOANED BUSINESS LENDERS MONEY THAT BUSINESS LENDERS MERELY REPAID BY FUNDING THE TRANSACTION**

58. Defendant Bellamy-Bey contends in Paragraphs 20, of the Exceptions, that Business Lenders, in issuing a check to fund the transaction, merely repaid him for making a loan to Business Lenders in the form of his promissory note.

59. Defendant Bellamy-Bey again raises this argument in Paragraphs 27, 28 and 29 of the Exceptions.

60. Defendant Bellamy-Bey bases his argument on the mistaken premise that his note is equivalent to cash, and that in taking his note, Business Lenders accepted the cash equivalent of the face value of his note.

61. Business Lenders does not seek to enforce an undefined and amorphous "loan" transaction arising out of its acceptance of Defendant Bellamy-Bey's note and its subsequent funding of the transaction, rather, Business Lenders seeks to enforce Defendant Bellamy-Bey's express promises contained in the SBA Note.

**BUSINESS LENDERS IS THE HOLDER OF THE SBA NOTE, HOLDER IN DUE COURSE ANALYSIS IS IRRELEVANT**

62. Defendant Bellamy-Bey asserts in Paragraph 21 of his Exceptions that Business Lenders is not a holder in due course of the SBA Note.

63. Business Lenders is the payee of the SBA Note, and a holder thereof, no holder in due course analysis applies in this case.

64. In support of his assertion that Business Lenders is not a holder in due course, Defendant Bellamy-Bey asserts that Business Lenders has not produced any "Note of alleged Promise." Business Lenders responds to this assertion in the section of this pleading entitled "The SBA Note is a True and Correct Copy of the Original Document Signed by Defendant Bellamy-Bey," said section is hereby incorporated herein by reference.

**HOUSE JOINT RESOLUTION 192 DOES NOT RENDER BUSINESS LENDERS' DEMAND FOR PAYMENT IN CASH AGAINST PUBLIC POLICY**

65. Defendant Bellamy-Bey contends in Paragraph 23 of the Exceptions that Business Lenders' demand for payment in cash violates public policy per H.R.J. Res.192, 73rd Congress (1933).

66. Defendant Bellamy-Bey intentionally attempts to mislead the Court by failing to quote relevant portions of H.R.J. Res.192, 73rd Congress (1933).

67. H.R.J. Res.192, 73rd Congress (1933) was passed for the purpose of ensuring uniform values to coins and currencies of the United States.

68. H.R.J. Res.192, 73rd Congress (1933) states, in pertinent part, that "Every obligation, heretofore or hereafter incurred, whether or not any such provision is contained therein or made with respect thereto, shall be discharged upon payment, dollar for dollar, in any coin or currency which at the time of payment is legal tender for public and private debts."

69. H.R.J. Res.192, 73rd Congress (1933) attempts to resolve the issue arising in an era where gold and silver currency potentially had value greater than that conferred by virtue of its being minted into United States currency by prohibiting contracts requiring payment specifically in gold or silver. Interestingly, the prohibition against such a "gold clause" does not apply to transactions entered into after October 27, 1977. *See* 31 U.S.C. 5118(d)(2) (2003).

70. Business Lenders demand for payment in cash is in accord with H.R.J. Res.192, 73rd Congress (1933), as it simply demands payment in legal tender at the time of payment.

**FORECLOSURE PROCEEDINGS RAISE NO THIRTEENTH AMENDMENT CONCERNS**

71. Defendant Bellamy-Bey contends, in Paragraph 33 of the Exceptions, that Business Lenders "usury and extortion practices" are "acts to repress Defendant from efforts to gain actual freedom."

72. Foreclosure proceedings are essentially *in rem* proceedings as they solely determine rights in property. See *Grannis v. Ordean*, 234 U.S. 385, 393 (1914).

73.     Since Business Lenders does not seek to compel Defendant Bellamy-Bey to do anything in these foreclosure proceedings, its actions cannot constitute "acts to repress" Defendant Bellamy-Bey "from efforts to gain actual freedom."

**WHEREFORE**, for the foregoing reasons, Business Lenders, LLC respectfully requests that this Court enter an Order:

a.  Overruling Defendant Damon Bellamy-Bey's *Exception to Foreclosure Sale*;

b.  Ratifying the foreclosure sale of 1817 Laurens Street, Baltimore, Maryland; and

c.  Granting such other and further relief as is appropriate under the circumstances.

/s/ Jeremy S. Friedberg
Jeremy S. Friedberg, Fed. Bar No.: 10638
Andrew L. Cole, Fed. Bar No.: 14865
Leitess, Leitess & Friedberg, P.C.
25 Hooks Lane, Suite 302
Baltimore, Maryland 21208-1302
(410) 486-2600
(410) 486-8438 - FAX

*Attorneys for Business Lenders, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 27<u>th</u> day of August, 2003, a copy of the foregoing was served *via* first class mail, postage prepaid upon:

Damon Z. Bellamy-Bey
3824 Evergreen Avenue
Baltimore, Maryland 21206

Damon Z. Bellamy-Bey
P.O. Box 11735
Baltimore, MD  21206

Z'Lacod, Inc.
T/A Peachtree II Car Wash
*c/o Damon Z. Bellamy-Bey*
1817 Laurens Street
Baltimore, Maryland 21217

              /s/ Jeremy S. Friedberg
              Jeremy S. Friedberg

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND (NORTHERN DIVISION)**

| | | |
|---|---|---|
| **BUSINESS LENDERS, LLC** | * | |
|     **PLAINTIFF,** | | |
| **v.** | * | |
| | | **CIVIL ACTION NO.   L-02-CV2092** |
| **DAMON Z. BELLAMY-BEY**, *et al*. | * | |
|     **DEFENDANTS.** | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**ORDER OVERRULING DEFENDANT DAMON BELLAMY-BEY'S**
**EXCEPTION TO FORECLOSURE SALE**

Having read and considered Defendant Damon Bellamy-Bey's *Exception to Foreclosure Sale and Request for Hearing* (the "Exceptions") and Business Lenders, LLC's response thereto, it is hereby:

**ORDERED**, that the Exceptions are OVERRULED; and it is further

**ORDERED**, that the foreclosure sale reported by the Trustees on November 4, 2002, is hereby **RATIFIED**.

**ENTERED**: _____    _____
                                                                  **JUDGE, UNITED STATES DISTRICT COURT**
                                                                      **FOR THE DISTRICT OF MARYLAND**

cc:

Jeremy S. Friedberg, Esquire
Andrew L. Cole, Esquire
Leitess, Leitess & Friedberg, P.C.
25 Hooks Lane, Suite 302
Baltimore, MD  21208

Damon Z. Bellamy-Bey
3824 Evergreen Avenue
Baltimore, Maryland 21206

(continued on following page)

Damon Z. Bellamy-Bey
P.O. Box 11735
Baltimore, MD  21206

Z'Lacod, Inc.
T/A Peachtree II Car Wash
*c/o Damon Z. Bellamy-Bey*
1817 Laurens Street
Baltimore, Maryland 21217

and on its resident agent:

>Damon Z. Bellamy-Bey
>3824 Evergreen Avenue
>Baltimore, Maryland 21206